HELEN E. COTTRELL,
Plaintiff Below, Appellant,

*vs.*

THE PAWCATUCK COMPANY, ET AL.,
Defendants Below, Appellees.

*Supreme Court, On Appeal, February 14, 1957.*

*Douglas W. Troll,* Wilmington, for petitioner.

PER CURIAM: After the decision of this case on the merits, *ante p.* 169, 128 *A.2d* 225, affirming the judgment below, appellees certified to the Clerk of this Court their costs of printing their appendix filed in this cause, amounting to $3,500. Appellant subsequently filed a petition for reargument and an application to file a supplemental affidavit. The petition and application were denied and the mandate of this Court duly issued to the court below. Included in the mandate were the costs above referred to. Thereafter appellant filed a petition to recall the mandate to review the taxation of costs.

Appellant could have filed a timely application to challenge the propriety of the costs, since under *Rule* 25 of this Court, *Del.C.Ann.* such costs must be certified within five days after the filing of the opinion and a petition for reargument is not required to be filed before ten days after the filing of the opinion. Appellant insists that the failure to object to the costs when certified was excusable.

For the purpose of considering the matter we shall assume (without deciding) that this is so; and we shall further assume (again without deciding) that we have the power to recall the mandate to determine the propriety of these costs.

We think that the petition must be denied on its merits. Of the 530 pages of the appellees' appendix 420 consist of excerpts from the testimony, all of which were read by the Court and all of which it was proper to include in an appendix. Of the remaining

110 pages, which consist very largely of photostats, probably one-half of the material was useful to the Court.

Appellant suggests that the propriety of this material should be judged by the number of references to it contained in appellees' briefs. We do not think that this is an appropriate yardstick on which to base the taxation of costs. Isolated sentences from the testimony cannot effectively be excised from their context. Moreover, it is not reasonable to expect counsel to evaluate in advance with precision the weight which the Court may give to any particular exhibit.

We find no abuse of the appellees' privilege of printing in their appendix the portions of the record that they deemed material.

The petition is denied on the merits. We do not reach the question of our power to recall the mandate.